UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| DEBORAH A MORA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:18-cv-00739-SEB-TAB |
|  | ) |  |
| ANDREW SAUL, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## **ORDER GRANTING MOTION FOR ATTORNEY'S FEES**

This matter is before the Court on Plaintiff's Attorney's Motion for an Award of Attorney's Fees Under 42 U.S.C. § 406(b). For the reasons set forth below, the motion is GRANTED.

### **Background**

On March 8, 2018, Plaintiff filed a complaint in this Court seeking judicial review of the Commissioner of the Social Security Administration's ("SSA") final decision denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act filed pursuant to 42 U.S.C. § 405(g). On June 15, 2018, the parties filed a joint motion requesting the Court remand the matter to the SSA and enter judgment in favor of Plaintiff, which the Court granted. In response to an agreed motion of the parties, the Court awarded Plaintiff's counsel attorney's fees in the amount of $6056.12, pursuant to the Equal Access to Justice Act ("EAJA"). The Appeals Council remanded this matter to the Administrative Law Judge, who issued a fully favorable decision in favor of Plaintiff on April 23, 2019.

1

On August 21, 2019, Plaintiff's counsel filed a motion for reasonable attorney fees, pursuant to 42 U.S.C. § 406(b)(1) of the Social Security Act, and submitted copies of the fee arrangements providing for 25 percent of the past-due benefits resulting from the claim. The Commissioner does not oppose Plaintiff's counsel's request for attorney fees but recognizes that any fee awarded is to be paid out of Plaintiff's past-due benefits and not agency funds, and thus the Commissioner does not "stipulate or agree to fee motions under § 406(b)."[1]

**Analysis**

**I.    Legal Standard**

Pursuant to Section 406(b)(1)(A) of the Social Security Act, a district court may grant "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled" as part of a judgment in favor of the claimant in a disability benefit appeal. Section 406(b) gives effect to contingent-fee arrangements so long as the resulting fee is reasonable, does not exceed 25 percent of the claimant's past-due benefits, and comports with the fee arrangement. Even where an attorney's 406(b) motion for fees is unopposed, the Court must review the outcome of any contingent fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In our assessment of reasonableness, we look to "the fee yielded by the fee agreement, a record of the hours

---

[1] We agree that any attorney's fees will be awarded from Plaintiff's past-due benefits. *Gisbrecht*, 535 U.S. 789, 795 (2002).

spent representing the claimant and . . . the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808.

## II. Discussion

Plaintiff's counsel seeks an award of attorney's fees in the amount $20,184.63, which is 25 percent of Plaintiff's past-due benefits (reduced by SSA entitlements received by Plaintiff during the pendency of this action), less the attorney fee award received under the EAJA of $6056.12[2] and less 25 percent of the $730 due to Plaintiff in May 2018 when Plaintiff's counsel requested a twenty-eight day briefing extension. Counsel's requested fee amount is within the 25 percent statutory ceiling as well as the contingent fee contemplated in the agreement with her client.

Awarding 25 percent of past-due benefits is not presumptively reasonable, however, "[i]f the benefits are large in comparison the amount of time counsel spent on the case." *Id.* Here, Plaintiff's counsel devoted 127.2 hours of work on this matter in both judicial and agency settings. Counsel ultimately obtained a favorable result for her client of $105,693 net past-due benefits, not including benefits received by Plaintiff during the pendency of the action. For her time, Counsel has thus far received $6056.12 in compensation, which she has accounted for in her present request. If counsel's pending motion is granted, she will be compensated a total of $26,240.12 for her 127.2 hours of time devoted to this matter, equating to an hourly rate of $206.30 —a rate less than her

---

[2] When a prevailing claimant's attorney qualifies for 406(b) fees but has already received a fee award pursuant to the EAJA, "such award offsets the allowable fee under § 406(b)." *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1080 (E.D. Wis. 2007); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Astrue v. Ratliff*, 560 U.S. 586, 595–96 (2010).

compensable rate of $250 per hour in non-contingent matters and well within the standards of reasonableness as recognized by district courts in our circuit. *See, e.g.*, *Zimmerman v. Astrue*, No. 1:08-cv-00228, 2011 WL 5980086, at *3 (N.D. Ind. Nov. 29, 2011) (approving an award equivalent to an hourly rate of $410); *Duke v. Astrue*, No. 1:07-cv-00118, 2010 WL 3522572, at *3–4 (N.D. Ind. Aug. 30, 2010) (approving award equivalent to an hourly rate of $549.14); *Schimpf v. Astrue*, No. 1:06-cv-00018, 2008 WL 4614658, at *3 (N.D. Ind. Oct. 16, 2008) (approving award equivalent to an hourly rate of $583.50). Given the time spent in litigating this matter as well as counsel's reasonable hourly rate and the amount awarded to Plaintiff, we conclude that her requested fee is reasonable.

**Conclusion**

For the reasons set forth above, the Court **GRANTS** Plaintiff's Attorney's Motion for an Award of Attorney's Fees Under 42 U.S.C. 406(b), [Dkt. 21], and awards fees in the amount of $20,184.63 to be paid directly to Plaintiff's counsel.

Date: 10/28/2019

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jennifer Michelle Hess
HESS HESS & DONNELSON LLP
jen.hess@hhdlegal.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kathryn.olivier@usdoj.gov

Christie O'Brien Tate
SOCIAL SECURITY ADMINISTRATION
christie.tate@ssa.gov